UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIMAL BRANDS, LLC, a Delaware
Limited Liability Company, and
RONALD BERKBUEGLER,
an individual,

    Plaintiffs,

v.

MAINSTREAM HOLDINGS, INC.,
a Minnesota Corporation,

    Defendant.

Case No. 2:18-cv-12447

Hon.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, PRIMAL BRANDS, LLC and RONALD BERKBUEGLER, by and through their attorneys, YOUNG BASILE HANLON & MACARLANE, P.C., for its complaint against MAINSTREAM HOLDINGS, INC, state as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended.

### THE PARTIES

2. The Co-Plaintiff, PRIMAL BRANDS, LLC ("Primal") is a Delaware limited liability company having a place of business at 2407 W. Euclid Ave., Littleton, Colorado 80120.

3. The Co-Plaintiff, RONALD BERKBUEGLER ("Berkbuegler"), is an individual having a residential address of 8767 Old Lebanon Troy Road, Troy, Illinois 62294.

4. On information and belief, Defendant, MAINSTREAM HOLDINGS, INC ("Defendant"), is a Minnesota Corporation having a place of business at 1905 1st Ave. N., Windom, Minnesota 56101.

## JURISDICTION AND VENUE

5. This claim arises under the United States Patent Laws, 35 U.S.C. §§1, *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendant pursuant to MCL 600.711 and MCL 600.715.

7. The Defendant has a place of business in this judicial district, has transacted business in Michigan and this judicial district, has carried on a continuous and systematic part of its general business within Michigan, has had substantial, continuous, and systematic contacts with Michigan and this judicial district, and has committed and/or will commit acts of patent infringement within Michigan and this judicial district.

8. Venue is proper within this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 10,010,068

9. Plaintiffs Primal and Berkbuegler reallege and incorporate by reference the allegations of paragraphs 1-7 above, as if fully set forth herein.

10. On July 3, 2018, U.S. Patent No. 10,010,068 ("the '068 Patent") entitled "LADDER STAND AND TREE SECUREMENT MECHANISM THEREFOR" was duly and lawfully issued by the United States Patent and Trademark Office to Berkbuegler. A true and correct copy of the '068 Patent is attached as Exhibit A.

11. Plaintiff Primal is an exclusive licensee of the '068 patent by way of a License Agreement with Plaintiff Berkbuegler attached as Exhibit B.

12. The '068 patent confers upon the Plaintiff Primal, as exclusive licensee, the exclusive right to make, use, sell and offer for sale the invention therein described.

13. Since the grant of the '068 Patent, Plaintiff Primal has continuously marked substantially all ladder stands manufactured according to the '068 patent with the reference "Patent" or "Pat." and the patent number "10,010,068". Accordingly, Defendant has had constructive notice of the '068 Patent since at least as early as July 3, 2018.

14. On information and belief, Defendant either is doing business as or wholly owns Big Game Treestands, Muddy Treestands, and Hawk Hunting, LLC.

3

15. On information and belief, Defendant, under the names Big Game Treestands and Muddy Treestands, has made, used, offered for sale, and sold and are now making, using, offering for sale, and/or selling, without permission from Plaintiff Primal and/or Plaintiff Berkbuegler, ladder stands that infringe at least one of the claims of the '068 Patent. By way of example and not limitation, Defendant has infringed at least claims 1-3, 5-10, and 12-14 of the '068 patent by making, using, offering for sale, and/or selling an infringing product called the Big Game Hightower XTL with Tree Lok System as shown in the attached Instruction Manual (Exhibit C) and online advertisement (Exhibit D) for the same.

16. As shown in the attached claim chart (Exhibit E with FIG. 1 (Instructional Manual page) and FIG. 2 (product photo)), the Big Game Hightower XTL with Tree Lok System literally contains each and every element of claims 1-3, 5-10, and 12-14 of the '068 patent, and therefore, the Big Game Hightower XTL with Tree Lok System literally infringes claims 1-3, 5-10, and 12-14 of the '068 patent.

17. The Defendant has actively induced infringement of the '068 Patent by making, using, selling, and/or offering for sale ladder stands that are the same as or similar to the Big Game Hightower XTL with Tree Lok System, including but not limited to, Muddy Nexus XLT Ladderstand, Muddy Stronghold 2.5 XLT Ladderstand, and Muddy Odyssey XLT Ladderstand.

18. Defendant has actual knowledge of the '068 Patent.

19. On information and belief, the Defendant's infringing activity has been willful and deliberate.

20. As a result of the Defendant's actual infringement, Plaintiffs Primal and Berkbuegler have suffered damage, and unless and until the actions of the Defendant are enjoined, Plaintiffs Primal and Berkbuegler will continue to suffer damage.

21. Defendant's infringing activities have and continue to directly and proximately cause Plaintiffs' damages.

22. The present case is an exceptional case, titling Plaintiffs Primal and Berkbuegler to an award of attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter judgment for Plaintiffs Primal and Berkbuegler against Defendant, declaring that Defendant has willfully infringed Plaintiffs Primal and Berkbuegler's patent.

B. Award Plaintiffs Primal and Berkbuegler all damages they have sustained as a result of Defendant's patent infringement and order that the damages be trebled pursuant to 35 U.S.C. 284.

C.  Declare this case exceptional and find that Plaintiffs Primal and Berkbuegler are entitled to recover their costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. 285.

D.  Preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them, from infringing, contributorily infringing or inducing infringement of Plaintiffs Primal and Berkbuegler's patent.

E.  Enter an order requiring Defendant to offer up for destruction any and all remaining inventory of any infringing products.

F.  Enter judgment granting such other relief as justice and equity may require.

## DEMAND FOR JURY TRIAL

Plaintiffs Primal and Berkbuegler hereby requests a jury trial of all issues.

Dated: August 7, 2018            Respectfully submitted,
                                 YOUNG BASILE HANLON & MACFARLANE, P.C.

                                 By:    /s/ Todd L. Moore
                                 Todd L. Moore (P45472)
                                 301 E. Liberty, Suite 680
                                 Ann Arbor, Michigan 48104
                                 (734) 662-0270
                                 moore@youngbasile.com
                                 *Attorneys for Plaintiffs*

6